IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHRISTINE CAMERON                                        PLAINTIFF

VS.                        CIVIL ACTION NO. 5:05-cv-56(DCB)(JCS)

OCWEN FEDERAL BANK FSB                                    DEFENDANT

                    MEMORANDUM OPINION AND ORDER

        This cause is before the Court on the defendant Ocwen Federal
Bank FSB's motion to dismiss **(docket entry 6)**.  Having carefully
considered  the  motion  and  response,  the  memoranda  and  the
applicable law, and being fully advised in the premises, the Court
finds as follows:

        The  plaintiff,  Christine  Cameron,  refinanced  her  home  in
Natchez, Mississippi, with Worth Funding, Inc., on July 5, 2002.
The  resulting  deed  of  trust  was  subsequently  assigned  to  New
Century Mortgage, and then reassigned to Midwest First Financial
Limited Partnership IV ("Midwest") on July 22, 2002.  The plaintiff
contends that she made all of the payments required under her
mortgage to Midwest.  Complaint, ¶¶ 7-10.

        The plaintiff alleges that on February 27, 2004, she received
a written proposal from Midwest to discount the loan provided it
was paid in full by March 15, 2004, which time was later extended.
Complaint, ¶ 12.  She further alleges that she received refinancing
loan  approval,  but  that  her  loan  with  Midwest  could  not  close

because her credit report showed that Ocwen Federal Bank FSB[1] ("Ocwen") had reported that her loan payments were more than sixty days delinquent and that foreclosure had been initiated. Complaint, ¶¶ 13-14. Cameron alleges that she contacted Ocwen and was told that Ocwen had been assigned the loan and had started foreclosure, but that it had transferred the loan to Midwest on January 21, 2003. Complaint, ¶ 16. Plaintiff's counsel wrote to Ocwen on March 30, 2004, advising it that Cameron's credit report was incorrect and was clouding her credit, but the plaintiff contends no action was taken by Ocwen to clear her credit report within the next thirty days. Complaint, ¶ 17. Cameron asserts that as a result of Ocwen's failure to clear her credit report, her loan was not refinanced and she lost the opportunity to satisfy the Midwest loan at the discounted amount. Complaint, ¶ 18. She claims that Ocwen is in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

In its motion to dismiss, Ocwen asserts that the plaintiff has no private cause of action under FCRA for the alleged reporting of inaccurate information to a credit reporting agency by a "furnisher" such as Ocwen. Motion to Dismiss, ¶ 5 (citing 15 U.S.C. § 1681s-2(a)). Furthermore, Ocwen contends that Cameron did

---

[1] On July 1, 2005, Ocwen Federal Bank, FSB was voluntarily dissolved with all of its rights, duties and obligations being assumed by Ocwen Loan Servicing, LLC. Thus, Ocwen Loan Servicing, LLC is now the real party in interest.

not notify a credit reporting agency of her dispute, and that no credit reporting agency notified Ocwen of Cameron's dispute. Thus, Ocwen asserts that Cameron has failed to plead the essential elements of a claim under 15 U.S.C. § 1681s-2(b). In addition, Ocwen claims that all of Cameron's state law claims are preempted under 15 U.S.C. § 1681t(b)(1)(F). In her response to Ocwen's motion, Cameron seeks leave to amend her complaint.

In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). Also, the court may not look beyond the pleadings in ruling on the motion. Id. However, the court should not dismiss the claim without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead specific facts after being afforded the opportunity to do so. Hart v. Bayer Corporation, 199 F.3d 239, 248 n.6 (5th Cir. 2000)(citing O'Brien v. National Property Analysts Partners, 936 F.2d 674, 675-76 (2nd Cir. 1991)). The court should freely grant leave to amend unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of amendment. Ynclan v. Dep't of the Air Force, 943 F.2d 1388, 1391

(5th Cir. 1991).

In response to Ocwen's motion, Cameron acknowledges that she does not have a private right of action under § 1681s-2(a). Plaintiff's Memorandum, p. 6. She does allege, however, that she has a private right of action against Ocwen, as a furnisher of information, pursuant to § 1681s-2(b).[2]  Id.  A similar situation existed in Brown v. Bank One Corporation, 2002 WL 31654950 (N.D. Ill. Nov. 22, 2002), in which the plaintiffs' complaint purported to state a claim under § 1681s-2(a).  The plaintiffs conceded, however, "that '[i]ndividual consumers have a private right of action against a furnisher of information pursuant to § 1681s-2(b) of the FCRA' and not § 1681s-2(a)."  Id. at *1 (citations omitted).

"The duties created by § 1681s-2(b) 'arise only after the

---

[2]  The Court notes that there are conflicting views as to whether a private right of action can be brought for violations of § 1681s-2(b).  Compare DiMezza v. First USA Bank, Inc., 103 F.Supp.2d 1296 (D. N.M. 2000)(private right of action exists); McMillan v. Experian Info. Servs., Inc., 119 F.Supp.2d 918 (N.D. Ill. 2000)(same); with Carney v. Experian Info. Solutions, Inc., 57 F.Supp.2d 496 (W.D. Tenn. 1999)(no private right of action).  In Young v. Equifax Credit Information Services, Inc., the Fifth Circuit expressly declined to reach the issue.  294 F.3d 631, 639 (5th Cir. 2002)("We need not decide, and do not decide, whether a private right of action exists against a furnisher of information because ... Young has not established an element that would be required if any such action does exist.").  Ocwen's motion to dismiss assumes, for argument's sake, that such a private right of action does exist; therefore, the Court does not reach the issue in this memorandum.

The Court further notes that Young was decided on a motion for summary judgment, so that Young's failure to establish an essential element of his FCRA claim was fatal.  In contrast, the case sub judice deals with a motion to dismiss and request for leave to amend the complaint.

furnisher of information receives notice from a consumer reporting agency that a consumer is disputing the credit information.'"[3] <u>Id</u>. at *2 (citations omitted).  Like Ocwen, the defendant in <u>Brown</u> (Bank One) argued "that plaintiffs 'cannot and so do not allege that Bank One was notified of the dispute by a credit reporting agency.'" <u>Id</u>. (citations omitted).  The plaintiffs sought leave to amend their complaint to allege that "(1) [one of the plaintiffs] spoke with three major credit reporting agencies and informed them of the dispute; (2) the credit agencies then notified Bank One of the dispute; (3) Bank One failed to investigate the claim; and (4) Bank One is therefore liable under 15 U.S.C. § 1681s-2(b)."  <u>Id</u>. Although the plaintiffs did not have any direct evidence that a credit agency notified Bank One of the dispute, they claimed that a reasonable inference could be drawn that Bank One was notified by at least one of the credit reporting agencies.  <u>Id</u>.  The district court agreed, and allowed the plaintiffs to amend their complaint:

> The mere fact that plaintiffs currently lack actual proof that a consumer reporting agency notified Bank One

---

[3] Pursuant to the FCRA, if a furnisher of information receives notice from a consumer reporting agency that the information reported to that agency has been disputed, certain duties are triggered.  Upon such notice, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review all relevant information provided by the agency, and to report the results of the investigation to the agency.  15 U.S.C. § 1681s-2(b)(1).  If the furnisher determines that the information provided was, in fact, incomplete or inaccurate, the furnisher must report those results to the other consumer reporting agencies to which the information had been sent.  15 U.S.C. § 1681s-2(b)(1)(D).

> of their credit dispute does not render their proposed
> amendment futile or inappropriate.  For purposes of
> satisfying the liberal pleading requirements of
> Fed.R.Civ.P. 8, it is sufficient for plaintiffs to allege
> that on "information and belief" Bank One was notified of
> the credit dispute by one or more credit reporting
> agencies.  See Chisholm v. Foothill Capital Corp., 940
> F.Supp. 1273, 1280 (N.D. Ill. 1996)("[a]llegations based
> on 'information and belief' are usually sufficient to
> meet Rule 8 pleading requirements").

Id.[4]

The court warned the plaintiffs, however, that in order to

withstand a motion for summary judgment, they would have to

"establish more than just an 'inference' that a consumer reporting

agency notified Bank One of the dispute."  Id. (citing Wexler v.

---

[4] See also Sullivan v. Equifax, Inc., 2002 WL 799856 (E.D.
Pa. April 19, 2002):

> The plaintiff has not explicitly alleged that
> InoVision [the furnisher] received notification of the
> disputed information from a consumer reporting agency.
> Although § 1681s-2(b) seemingly "requires a pleading that
> a consumer reporting agency notified a furnisher of a
> dispute," this information would, at the pleading stage,
> be unknowable by the plaintiff.  See Jaramillo v.
> Experian Info. Solutions, Inc., 115 F.Supp.2d 356, 363-64
> (E.D. Pa. 2001).  Recognizing this problem, the Jaramillo
> court allowed a similar claim to go forward, subject to
> the defendant's right to renew its motion to dismiss if
> during discovery it could not be established that the
> defendant had received notice of the disputed information
> from a consumer reporting agency.  Id. at 363.  Such an
> approach is particularly appropriate in this case, where
> the plaintiff has alleged that she disputed the
> information with the credit reporting agencies as well as
> with InoVision.  Therefore, the Court finds that, at this
> stage, the allegations are sufficient to state a
> violation of § 1681s-2(b).  Should discovery reveal that
> InoVision never received notice of the dispute from a
> credit reporting agency, InoVision will be permitted to
> renew its motion to dismiss the FCRA claim.

Id. at *2 n.3.

6

<u>Banc of America Auto Finance Corp.</u>, 2001 WL 428155, at *3 (N.D. Ill. Apr. 26, 2001)(granting summary judgment to defendant bank where the plaintiff "informed [the bank] that he believed the credit information was incorrect, but there [were] no facts demonstrating a consumer reporting agency informed [the bank] of a dispute in the credit information")).

In the case before this Court, Cameron alleges that she notified three credit reporting agencies (Equifax, Transunion and Experian) in writing of her dispute with Ocwen regarding her credit report.  Affidavit of Christine Cameron, ¶ 3.  The Court therefore finds that Cameron should be granted leave to amend her complaint to allege a cause of action against Ocwen pursuant to 15 U.S.C. § 1681s-2(b).  The discovery deadline in this case has recently been extended to April 1, 2006, and the motion deadline to April 15, 2006.  If at the completion of discovery the plaintiff cannot establish that the defendant had received notice of the disputed information from a consumer reporting agency, or if the plaintiff cannot establish any of the other essential elements of her claim, the defendant may move for dismissal and/or summary judgment.

As for Ocwen's preemption argument, the FCRA provides for absolute immunity from state law claims "with respect to any matter regulated by section 1681s-2 ... relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).  The plaintiff's complaint seeks relief

7

under, in addition to the FCRA, "common law" and "states' [sic] laws." Inasmuch as all of the plaintiff's claims are based on Ocwen's status as a furnisher of credit information, and on an alleged breach of its responsibilities in furnishing information to consumer reporting agencies, the plaintiff's state law claims are clearly preempted by the FCRA. Accordingly,

IT IS HEREBY ORDERED that the defendant Ocwen Federal Bank FSB's motion to dismiss **(docket entry 6)** is GRANTED IN PART and DENIED IN PART as follows:

GRANTED as to the plaintiff's claim under 15 U.S.C. § 1681s-2(a); and GRANTED as to the plaintiff's state law claims;

DENIED without prejudice as to the plaintiff's claim under 15 U.S.C. § 1681s-2(b), and the plaintiff is hereby granted leave to amend her complaint to allege a claim under § 1681s-2(b).

SO ORDERED, this the   17th   day of March, 2006.


_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE